UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARON LAI,<br>　　　　Plaintiff,<br>　v.<br>ALLSTATE INSURANCE CORPORATION,<br>　　　　Defendant. | Case No. 5:17-cv-05125-EJD<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Sharon Lai commenced the instant action directly in this court against Defendant Allstate Insurance Corporation and asserts claims arising only under California state law. As is its obligation, the court has reviewed the Complaint to determine whether Plaintiff included allegations sufficient to establish federal jurisdiction and has been guided by the principles that govern such an inquiry. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013) ("[F]ederal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists."). The court has also reviewed the record of this action to determine whether Plaintiff has accomplished service consistent with Federal Rule of Civil Procedure 4. In short, Plaintiff has neither established subject matter jurisdiction nor service of process on Defendant.

**I.　　SUBJECT MATTER JURISDICTION**

To begin, the court is mindful that, in contrast to state courts, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. 28 U.S.C. §§ 1331, 1332.

Since the Complaint does not raise a federal question, subject matter jurisdiction may only

Case No.: 5:17-cv-05125-EJD
ORDER TO SHOW CAUSE

1

arise on the basis of diversity under § 1332. For that to occur, "there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). The amount in controversy must also exceed $75,000. Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015). For jurisdictional purposes, individuals are citizens of their states of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is [] determined by her state of domicile, not her state of residence."). In contrast, "[a] corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter, 265 F.3d at 857.

In addition, the court observes that it must look to the Complaint's jurisdictional allegations because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, Federal Rule of Civil Procedure 8 requires the plaintiff to provide "a short and plain statement of the grounds for the court's jurisdiction."

Here, Plaintiff alleges she is a California citizen, and that Defendant "is a company doing business in the State of California . . . ." Compl., at ¶¶ 1, 2. Although it is not made clear, it appears that Plaintiff alleges Defendant is a corporation. If so, missing from the Complaint are allegations providing Defendant's state of incorporation and the location of its principal place of business. Such allegations are required to establish subject matter jurisdiction on the basis of diversity. See Davis, 557 F.3d at 1028.

Furthermore, there are no allegations confirming the amount in controversy exceeds $75,000, which information is also required to establish diversity jurisdiction. See Naffe, 789 F.3d at 1039.

## II. SERVICE OF PROCESS

Plaintiff filed the Complaint initiating this action on September 1, 2017. To date, however,

Case No.: 5:17-cv-05125-EJD
ORDER TO SHOW CAUSE

2

the docket does not contain a proof of service or waiver of service for Defendant, and Defendant has not appeared in this action.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 90-day period for service provided by Rule 4(m) expires on November 30, 2017.

### III. ORDER

As indicated, the Complaint does not establish federal jurisdiction. Nor has Plaintiff shown that service of process was accomplished on Defendant. Accordingly, the court issues an order to show cause why this action should not be dismissed for lack of jurisdiction or, alternatively, for lack of service. If Plaintiff does not, by **December 4, 2017**, do the following:

(1) file a written response that demonstrates the basis for this court's subject matter jurisdiction in a manner consistent with the discussion above; and

(2) file documents to show proof of service of the Summons and Complaint on Defendants or otherwise explain in writing why service has not been accomplished in a manner establishing good cause under Rule 4(m);

the court will dismiss this action without prejudice. No hearing will be held on the Order to Show Cause unless ordered by the court.

**IT IS SO ORDERED.**

Dated: November 28, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-05125-EJD
ORDER TO SHOW CAUSE

3