UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARON LAI,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLSTATE INSURANCE CORPORATION,<br><br>    Defendant. | Case No. 5:17-cv-05125-EJD<br><br>**ORDER DISMISSING CASE** |

On November 28, 2017, the court ordered Plaintiff to show cause no later than December 4, 2017, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction and for failure to timely effectuate service of process. Dkt. No. 11. Specifically, the court instructed Plaintiff to "file a written response that demonstrates the basis for this court's subject matter jurisdiction in a manner" consistent with the discussion detailed in the Order to Show Cause, and also to "file documents to show proof of service of the Summons and Complaint on Defendant[] or otherwise explain in writing why service has not been accomplished." In response, Plaintiff filed two documents on November 30, 2017: (1) an amended complaint, and (2) a waiver of service of summons executed by an attorney on behalf of Defendant. Dkt. Nos. 12, 13. Having reviewed those documents, the court finds the latter satisfies the previously-identified service of process deficiency. The former document, however, does not satisfy Plaintiff's burden to affirmatively allege subject matter jurisdiction.

The court previously explained that as opposed to state courts, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute[.]" Id. Consequently,

Case No.: 5:17-cv-05125-EJD
ORDER DISMISSING CASE

1

federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record (DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3 (2006)), and must examine their own ability to proceed even if no party raises the issue. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.").

The amended complaint alleges that federal jurisdiction arises on the basis of diversity. For that to occur, "there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). The amount in controversy must also exceed $75,000. Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015). For jurisdictional purposes, individuals are citizens of their states of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is [] determined by her state of domicile, not her state of residence."). But "[a] corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008).

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege *affirmatively* the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter, 265 F.3d at 857 (emphasis added). Indeed, "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Here, Plaintiff alleges in the amended complaint that she is a California citizen. Dkt. No. 12, at ¶ 1. As to the Defendant, she alleges "upon information and belief" that it is an Illinois corporation. Id. at ¶ 2. She also alleges "upon information and belief" that Defendant maintains its principal place of business in Illinois. Id.

The amended complaint is not enough, because citizenship allegations made only on

Case No.: 5:17-cv-05125-EJD
ORDER DISMISSING CASE

2

"information and belief" are inadequate to demonstrate subject matter jurisdiction on the basis of diversity. See Robichaux v. Fidelity Natl'l Ins. Co., No. CV-12-02464-PHC-GMS, 2013 WL 356902, at *2 (D. Ariz. Jan. 29, 2013). This is because such allegations, which by their own nature reveal that the plaintiff has not confirmed the truth of the implied assertion, do not fulfill the obligation that citizenship of the relevant parties be *affirmatively* pleaded, not just speculated.

Accordingly, Plaintiff has not discharged the order that she demonstrate this court's subject matter jurisdiction in a manner consistent with the court's prior instructions. The court therefore finds that it lacks subject matter jurisdiction over this action, and further finds that permitting additional amendment would be futile given Plaintiff's inability to confirm the existence of jurisdiction even after the deficiency was identified and explained in detail.

This court lacks the ability to proceed further with Plaintiff's claims. See Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). The action is DISMISSED WITHOUT PREJUDICE.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 1, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-05125-EJD
ORDER DISMISSING CASE